UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DIST COURT
MIDDLE DIST. OF LA
2003 JUL 17 P 5: 21

BY DEPUTY CLERK

NICOLAS ESTIVERNE     CIVIL ACTION
VERSUS     NO:_____ MAG.:_____
LOUISIANA STATE BOARD OF     JUDGE:_____
PRIVATE INVESTIGATOR EXAMINERS;
A. Edward Hardin, individually and in his capacity
as Chairman of the Board, Charlene Mora, indivi
dually and in her capacity as Vice Chairman of the Board,
Bruce Childers, individually and in his capacity as Investigatory
Officer of the Board, Howard Malpass, individually and in his capacity as Ethics
Chairman of the Board, Douglas J. Chauvin, individually and in his capacity as
Member of the Board, Joseph A. Oster, individually and in his capacity as Member
of the Board, Will Abshire, individually and in his capacity as Member of the
Board, Jim Brown, individually and in his capacity as Executive Director of the
Board, Camille Gravel, individually and in his capacity as Counsel for the Board,
Celia Cangelosi, individually and in her capacity as Counsel for the Board

CV 03-559-D-M3

FILED:_____     _____
                                                                                 DEPUTY CLERK

PETITION FOR DAMAGES FOR VIOLATION OF CIVIL
AND CONSTITUTIONAL RIGHTS AND TO MANDATE
THE STATE BOARD TO FOLLOW THE LETTER OF THE LAW

The petition of Nicolas Estiverne, an adult of the full age of majority,

domiciled in the Parish of Orleans, State of Louisiana, respectfully represents :

I.

This Honorable Court has acquired jurisdiction in this case pursuant to

28 USCS 1331 and the amount in controversy exceeds $100.000.00 exclusive

of costs and fees.

III.

Defendant Louisiana State Board of Private Investigator Examiners is at all times herein an Agency of the State of Louisiana, with authority to sue and be sued.

IV.

Defendants A. Edward Hardin, Charlene Mora, Bruce Childers Howard Malpass, Douglas J. Chauvin, Joseph A. Oster, Will Abshire, Jim Brown, Camille Gravel and Celia Cangelosi conspired to deny plaintiff of his Constitutional rights to due process and equal protection of the law.

V.

Defendants, knowingly and with intent to violate plaintiff's due process and equal protection rights violated the State laws with complete disregard because plaintiff is Black and the defendants do not want any more Blacks to have an Agency license as provided by the Statutes.

VI.

On or about November 2002, plaintiff filed an application to obtain a license for Private Investigator, after meeting all the requirements of R.S. 37:3507 of the Louisiana Revised Statutes.

VII.

The Louisiana State Board of Private Investigator Examiners voted unanimously to approve plaintiff's application subject to the Police Background Investigation.

VIII.

The Police Background Investigation revealed no felony convictions except an arrest for an allegation of Exploitation of an Infirm which is still pending and which is not a reason for no-issuance of a License under R.S. 37:3519 of the Louisiana Revised Statutes.

IX.

On or about February 2003, more than 60 days from the date the application was submitted, (La. R.S.37: 3508), defendants decided to postpone granting or denying the license to plaintiff, giving no reasons for such continuance.

X.

Defendants met again on or about May 2003, and they refused to grant or deny the license as required by the law and the defendants gave no reasons for such delay.

XI.

On or about June 13, 2003, defendants sent a letter to plaintiff stating that at a special meeting they voted to deny plaintiff the license he has a right to have

obtained, in violation of the Open Meeting Laws and La. R.S. 37: 3505(D), by not notifying the interested public of such special meeting knowing well that such meeting was improperly called to vote a denial to plaintiff's application.

XII.

Plaintiff received a letter from the defendants dated May 26, 2003, in which the defendants stated that they voted to defer action on plaintiff's application for Agency and plaintiff immediately requested written reasons for such action.

XIII.

Defendant Jim Brown stated to plaintiff that written reasons will be sent to plaintiff within 4 or 5 days, but failed to mention that a special meeting of the Board had been called, and he knowingly did so to make sure plaintiff is denied due process and equal protection of the law.

XIV.

Defendants used allegations made by the Louisiana Attorney Disciplinary Counsel against plaintiff to justify the denial of the license, although the allegations have never been adjudicated, and defendants redefined the word suspension to be synonymous to denial in order to forge some semblance of fraud in plaintiff's application.

XV.

Defendants have issued licenses to people who have been convicted for drug

possession with intent to distribute and multiple other felonies but because of defendants' friendship with a certain Private Investigators' Agency, those applicants receive approval.

XVI.

Defendants have granted licenses to Lawyers who have been disbarred but denied plaintiff's application based on allegations that were never proven.

XVII.

Plaintiff avers that the defendants conspired to deprive him of his rights to due process, equal protection of the law and the rights provided by the Civil rights Acts.

XVIII.

Plaintiff avers that he is entitled to the license for Private Investigator Agency because he has met all the requirements under the laws of this State and that he was denied due process and equal protection provided by the Constitution of the United States and the Constitution of the State of Louisiana.

XIX.

Plaintiff avers that he is entitled to such damages as are reasonable under the premises and each defendant herein should be ordered to pay the damages equally and they should be ordered to vote to grant plaintiff the license for Agency that he had applied for.

## XX.

The defendants are not entitled to the qualified immunity provided under the statutes considering that they violated the law so grievously and egregiously.

WHEREFORE, plaintiff prays that after due proceedings, there be judgment herein in favor of plaintiff and against the defendants individually and in their official capacity for such damages as are reasonable under the premises and ordering the defendants to grant the license applied for by the plaintiff and finding the defendants to have violated plaintiff's rights to due process of law and equal protection of the law and for other equitable relief provided by the law.

*[signature]*
NICOLAS ESTIVERNE-Pro-Se
2426 Louisiana Avenue
New Orleans, La. 70115
504-895-9076